# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

SKY BARRETT, Individually and
on Behalf of All Others Similarly
Situated                                                          PLAINTIFF

v.                           No. 3:18-cv-167-DPM

NESTLE USA, INC.; and NESTLE
PREPARED FOODS COMPANY                                  DEFENDANTS

## ORDER

**1.** The Court notes the joint motion for preliminary approval of the proposed settlement. № 12. The deal is solid and, in general, reasonable. The Court has a few questions and concerns, which are listed below. After hearing the parties' response, the Court will consider giving preliminary approval so the wheels can start turning.

**2.** The Court looks forward to the spreadsheet, which will be informative. Please file it. Please also consider the possibility of a redacted version, which would eliminate names and linking age between people and amounts. And please propose how the redacted spreadsheet could be included among the documents available for review by class members.

3. Here are the issues that the Court requests the parties address.

- Should § 12(b) carve out class members who opt out?

- In the class notice, the first shaded box would be more accurate if reversed: Your Options and Legal Rights.

- In the notice, the first box says the "class action settlement agreement and release is described above," but the release slice is not described above.

- Should there be another box describing "opt out" as a stand-alone option? One could do so without objecting to the settlement, right?

- In the notice under the "what rights am I giving up by submitting a claim form?" section, should the second sentence be revised to cover the opt-out possibility? Please consider—"Even if you do not file a claim form, because you are a member of a certified class for settlement purposes, *unless you opt out of the class* you *will* give up your right to file a case under Arkansas state law that claims . . . ." (italics only to show proposed additions).

- The *Barrett*-specific agreement is a side agreement, which needs to be disclosed to class members. The notice should do so.

- The overlapping nature of the FLSA and state law claims, and the procedural differences for settling them, is a complication. Would some kind of global explanation help folks better understand the circumstances?

- Could notice be enhanced through a website maintained by the claims administrator, with all the relevant documents, rather than directing folks to the Court's website?

- In other similar cases, the Court has often heard about the effectiveness of electronic notice by text message. Would a short-form notice by text improve the flow of information and increase participation?

**4.** The Court thanks the parties for considering all these issues. Joint report, and any revised papers, due by 19 February 2019.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2019